IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY JOE SMITH, #01771232 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv419 |
| | | ***Consolidated with*** 4:14cv525, 4:14cv526, |
| | | 4:14cv527, 4:14cv528, 4:14cv529, |
| | | 4:14cv530, 4:14cv531, 4:14cv532 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the Texas prison system, proceeding with the assistance of counsel, filed these petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions, now consolidated, were referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

Petitioner is challenging his Hopkins County convictions for nine counts of aggravated sexual assault of a child, Cause Nos. 0518102 - 0518110. Pursuant to a plea agreement, he pleaded guilty on December 5, 2005, and the trial court deferred adjudication of his guilt for a ten-year period of community supervision. He did not file an appeal. At the same time, the trial court sentenced Petitioner to four years' confinement on a lesser-included offense, injury to a child, which was discharged on November 30, 2009.

The State filed a motion to proceed to an adjudication of guilt on October 11, 2011. It alleged several violations of the terms of Petitioner's community supervision, including being around children under the age of seventeen and failure to pay community supervision fees. On November 22, 2011, the trial court conducted a hearing and found all of the allegations true. On February 3, 2012, after the preparation of a presentence investigation report, the trial court considered punishment evidence, including its recollection of the original proceedings, and assessed concurrent life sentences in each case.

Petitioner then filed an appeal contesting the revocation proceedings, and the Sixth Court of Appeals affirmed the convictions. *Smith v. State*, No. 06-12-0065-CR through 06-12-00072-CR (Tex. App.–Texarkana, Jan. 23, 2013, no pet.). He did not file a petition for discretionary review or writ of certiorari. However, on February 19, 2014, Petitioner filed state applications for writ of habeas corpus under article 11.07. On April 9, 2014, the Texas Court of Criminal Appeals (CCA) denied his state writs without written order. Petitioner then filed a motion for reconsideration on April 17, 2014, but the CCA denied it on August 27, 2014. Prior to the CCA's ruling on the motion for reconsideration, Petitioner filed the instant petition on June 16, 2014.

Petitioner claims that he is entitled to relief based on Texas's sex offender probation condition being "impossible to comply with" and ineffective assistance of counsel at his revocation hearing. The Director filed a Response, asserting that Petitioner's petition is time-barred, and is alternatively, without merit. Petitioner did not file a Reply.

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the

addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at §2244(d)(1)(A)-(D).

In the present case, Petitioner is challenging his conviction of December 5, 2005. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. He did not file a notice of appeal, thus the conviction became final thirty days later, on January 4, 2006. Tex. R. App. P. 26.2 (Vernon 2000). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. – San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Accordingly, the one-year limitations period started running at that time and the present petition was due no later than January 4, 2007, in the absence of tolling provisions. It was not filed until June 16, 2014 – seven years, five months, and twelve days beyond the limitations period.

The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1] Although Petitioner filed

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

3

a post-conviction state application for a writ of habeas corpus on February 19, 2014, it was filed well beyond the limitations deadline of January 4, 2007; thus, it does not serve to toll the statute of limitations.

The court notes that Petitioner's complaints arise from his revocation proceedings. However, the law is clear: a defendant in Texas placed on deferred adjudication probation must appeal any issue relating to the original plea at the time he is placed on deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The Fifth Circuit has held that a sentence of deferred adjudication probation in Texas is a "final" judgment that triggers the habeas corpus statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 529-30 (5th Cir. 2005), *cert. denied*, 549 U.S. 970, 127 S. Ct. 431, 166 L. Ed.2d 301 (2006); *see also Wilkinson v. Cockrell*, 240 F. Supp.2d 617, 620 (N. D. Tex. 2002 (holding that the one-year statute of limitations found in the AEDPA begins to run when the time to appeal from a sentence of deferred adjudication expires). The Fifth Circuit found that the one-year statute of limitations of the AEDPA for bringing claims related to deferred adjudication starts to run when the state court's deferred-adjudication order becomes final. *Caldwell,* 429 F.3d at 529; *Tharpe v. Thaler*, 628 F.3d 719, 722-23 (5th Cir. 2010). The court notes that, even if his petition was not barred, Petitioner forfeited the right to complain about the terms of his community supervision when he voluntarily pleaded guilty and did not challenge the conditions of his deferred adjudication. *See, e.g., Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Because Petitioner failed to timely file his § 2254 petition, it is barred by the statute of limitations unless equitable tolling is warranted.

The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130

S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware that dismissal of

a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Petitioner has made no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. Petitioner presents no evidence that he was induced or tricked by his adversary's misconduct, which caused him to untimely file his petition. He has not shown "rare and extraordinary circumstances" that prevented him from timely filing. Consequently, the petitions should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Petitioner is not entitled to a certificate of appealability.

Recommendation

It is accordingly recommended that Petitioner's petitions for relief under 28 U.S.C. § 2254 be denied and the cases be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve

and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE