IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BILLY JOE SMITH, #01771232      §
                                §
                                §            CIVIL ACTION NO. 4:14cv419
v.                              §   *Consolidated with* 4:14cv525, 4:14cv526,
                                §            4:14cv527, 4:14cv528, 4:14cv529,
                                §            4:14cv530, 4:14cv531, 4:14cv532
DIRECTOR, TDCJ-CID              §

## ORDER OF DISMISSAL

The above-entitled and numbered civil actions were referred to United States Magistrate Christine A. Nowak, who issued a Report and Recommendation concluding that the petitions for writ of habeas corpus should be denied and dismissed with prejudice because Petitioner failed to timely file them. The Report notes that four of Petitioner's issues concern conditions imposed in the deferred adjudication proceedings, and one issue concerns the revocation, adjudication of guilt, and sentencing proceedings. The Magistrate Judge concluded that all of Petitioner's claims are barred by the AEDPA one-year statute of limitations. Petitioner, who is represented by counsel, filed objections.

In Petitioner's objections, he reurges the issues he raised initially and argues that a certificate of appealability should be granted. However, the Court does not consider the merits of issues raised when, as in this case, a petitioner fails to meet procedural filing deadlines and fails to meet the burden of showing that some extraordinary circumstance stood in his way that prevented timely filing. *See, e.g., Holland v. Florida*, 560 U.S. 631 (2010). Furthermore, because the undersigned agrees with the Magistrate Judge that the petitions are time-barred, no certificate of appealability will

be granted in these cases. Petitioner also fails to show he is actually innocent or that he exercised reasonable diligence. *See McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). However, the Court will address Petitioner's objections in which he states that a new legal test was announced by the Magistrate Judge and that his petitions should be considered timely filed.

First, Petitioner curiously concludes that the Magistrate Judge created a new legal test when she used the words, "relate to." Specifically, Petitioner refers to the Report where it noted that certain claims "relate to Petitioner's deferred adjudications proceedings . . . ." *See* Dkt. #35, p. 4. The common usage of "relate to" means associating with something, or having a connection. *See* https://www.merriam-webster.com/dictionary/relate. These words were clearly used in their common and plain usage to indicate that certain claims Petitioner raised pertained to, or had a connection to the deferred adjudication proceedings. It is evident the Magistrate Judge used the term, "relate to," in its plain and common usage, and in no way, created a new legal test. This objection is without merit.

Petitioner also asserts his petitions should be considered timely filed. Even if the Court only considered the latter dates concerning the revocation, adjudication of guilt, and sentencing proceedings, Petitioner's claims are still untimely filed. The record shows Petitioner filed his petitions, at the least, two months beyond the limitations deadline. Petitioner asserts, however, the time during which his motion for rehearing was pending with the Texas Court of Criminal Appeals should have served to toll the AEDPA limitations deadline, which would have resulted in a timely filing.

The Texas Rules of Appellate Procedure do not provide for relief through motions for rehearing or reconsideration of the denial of a state habeas petition. Tex. R. App. P. 79.2(d) ("A

motion for rehearing an order that denies habeas corpus relief or dismisses a habeas corpus application under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed."). But the Texas Court of Criminal Appeals ("TCCA") may, on its own initiative, reconsider the case. *Id*.; *Ex parte Graham,* 853 S.W.2d 565 (Tex. Crim. App. 1993). Petitioner was evidently aware of this variance when he filed a motion with the TCCA entitled, "Motion for Rehearing, or alternatively, Suggestion for Rehearing on Court's Own Motion."[1]   However, the TCCA denied the motion.

The record shows that Petitioner filed the motion for rehearing with the TCCA three days[2] after his AEDPA one-year limitations period had expired.  Once the AEDPA one-year limitations period for filing a Section 2254 habeas petition expires, it cannot be revived by filing a motion for rehearing with the TCCA. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (holding a motion for rehearing tolls the AEDPA statute of limitations only from the time the motion is filed, until the state court resolves the motion); *Villegas v. Johnson*, 184 F.3d 467, 472-73 (5th Cir. 1999) (an expired AEDPA limitations period is not revived by further state-court filings); *see also Gordon v. Dretke*, 107 F. App'x 404, 406 (5th Cir. 2004) (not published) (a motion for reconsideration filed "after the one-year period had expired" does not statutorily toll the limitations period); *see also Wilson v. Dretke*, No 3:04-CV-0933-R, 2005 WL 3534221, at *7 (N.D. Tex. Nov. 30, 2005) (reconsideration motion must have been filed before the expiration of the one-year AEDPA

---

[1] In Footnote 1 of Petitioner's motion for rehearing with the TCCA, he states, "Although article 11.07 does not contain a procedure for motion for rehearing or reconsideration in habeas denials, we understand that the Court sometimes recognizes the right of rehearing. . . ." (Dkt. #22-17).

[2] The AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability, and tolling should be denied even when the petition is only a few days late. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (four days late).

limitations period to qualify for tolling). Thus, Petitioner's motion for reconsideration, filed three days after the expiration of the one-year limitations period, does not toll the AEDPA deadline.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.  It is accordingly

**ORDERED** the petitions for writ of habeas corpus are **DENIED** and the cases are **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.   It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of September, 2017.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE